734 S.E.2d 653

**In the Matter of Frank L. VALENTA, Jr., Respondent.**

Appellate Case No. 2011–203929.

No. 27194.

Supreme Court of South Carolina.

Submitted Nov. 6, 2012.

Decided Nov. 21, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

D. Cravens Ravenel, of Columbia, for Respondent Frank L. Valenta, Jr.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a letter of caution, confidential admonition, or public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent is the General Counsel at the South Carolina Department of Motor Vehicles (SCDMV). When a case brought as the result of a uniform traffic ticket is disposed of in court, the ticket is forwarded to SCDMV for processing. If the underlying case is reopened by a judge, the judge issues an order requiring the SCDMV to return the ticket.

In respondent's opinion, the SCDMV was receiving orders to return tickets on reopened matters in which the court did not have jurisdiction. As a result, respondent was concerned that his agency's return of the tickets assisted judges in violating the law and that defense attorneys might have been encouraging judges to overlook jurisdictional issues.

In light of his concerns, between 2007 and 2009, respondent presented sessions on criminal appeals at the Magistrate's Mandatory School. Issues related to the return of tickets in reopened cases were addressed during these presentations.

In addition, after consultation with other lawyers, at least one of whom had experience in disciplinary matters, respondent began sending letters to judges who ordered the SCDMV to return a ticket when respondent believed the order violated the law. The letter advised the judge of respondent's view of the applicable law and requested the judge sign and return his letter if the judge wished the SCDMV to proceed with re-

turning the ticket. Consequently, between September 2009 and July 2010, respondent willfully refused to comply with twenty-one magistrate court orders to return tickets. Instead of filing a motion to have the legal issue judicially resolved, respondent sent each magistrate a letter explaining his view of the law, purportedly as a justification for his unilateral decision to disobey a court directive.[1]

In November 2009, a judge who received one of respondent's letters instructed respondent, once again, to return the ticket. Rather than complying with the judge's instruction, respondent sent a complaint against the judge to the Commission on Judicial Conduct. In March 2010, the Commission on Judicial Conduct dismissed the complaint and, shortly thereafter, respondent ceased the practice of sending the letters, as well as unilaterally deciding what court orders he would follow based on his own view of the law.

In cases in which respondent knew the defendant was represented by counsel, respondent sent copies of his letter to counsel because he suspected that some of the attorneys were not aware of the statutes and case law. However, in cases of *pro se* defendants, respondent did not provide a copy of his letter to the defendants. At the time, respondent did not consider his letters to be *ex parte* communications because the SCDMV was not a party to the cases. Respondent acknowledges that, although the SCDMV was not technically a party to the orders, it was the custodian of the tickets.

### Law

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.5(b) (lawyer shall not communicate *ex parte* with a judge during a proceeding unless authorized to do so by law or court order). Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

---

1. We do not reach the merits of the underlying dispute as it relates to the authority of a judge to recall a ticket.

## Conclusion

We find respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.